UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EVELYN ESTRADA-GROBL, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:13-cv-00006-GMN-VCF |
| vs. | ) |
| | ) **ORDER** |
| VALLEY HEALTH SYSTEM, LLC, *doing business as* SPRING VALLEY MEDICAL CENTER; HRN SERVICES, INC.; GWYN ST. AUGUSTINE and LILLIAN MICH; | ) |
| | ) |
| Defendants. | ) |

Pending before the Court is Plaintiff Evelyn Estrada-Grobl's ("Plaintiff") Motion to Amend Complaint and Remand to State Court. (Mot. to Am. Compl., ECF No. 8.) Defendant HRN Services, Inc. ("HRN") filed a Response (Resp. to Mot. to Am. Compl., ECF No. 11) opposing the amendment, and Plaintiff filed a Reply (Reply to Resp. to Mot. Am. Compl., ECF No. 12). Defendant Valley Health Systems, LLC, *doing business as* Spring Valley Medical Center, erroneously named as UHS of Delaware, Inc. ("Valley Health") filed a Notice of Non-Opposition (Non-Opp. to Mot. Am. Compl., ECF No. 10).

**I.    BACKGROUND**

Plaintiff brought suit against Valley Health, HRN, Gwyn St. Augustine ("Augustine"), and Lillian Mich ("Mich"), named as Doe Defendants I and II, in the Eighth Judicial District Court, Clark County, Nevada in December, 2012. (Pet. for Removal, ECF No. 1-1.) Plaintiff alleged negligence, negligent infliction of emotional distress, breach of contract, and respondeat superior against Defendants. (Reply to Resp. to Mot. to Am. Compl.)  In her original Complaint, Plaintiff misnamed Valley Health as UHS of Delaware Inc. (Pet. for Removal; Mot. to Am. Compl.)  In addition, in her original Complaint Plaintiff identified Augustine and Mich as Doe 1

and Doe 2 respectively. (Pet. for Removal.)

Claiming diversity jurisdiction, Defendant HRN removed the suit to federal court on January 17, 2013. (Pet. for Removal.)  Since that time, Plaintiff has identified UHS of Delaware, Inc. by its correct name Valley Health System, LLC, *doing business as* Spring Valley Medical Center. (Mot. to Am. Compl.)  Also, Plaintiff has identified Doe 1 as Gwyn St. Augustine and Doe 2 as Lillian Mich (*Id.*)  Plaintiff seeks to amend her original Complaint, adding and correcting the above names. (*Id.*)  Plaintiff further asserts that if the Court grants leave to amend, the Court no longer has subject matter jurisdiction, and, thus, the Court is required to remand the case to state court. (*Id.*)

## II.     LEGAL STANDARD

Generally, the Court should "freely" give leave to amend when "justice so requires." Fed. R. Civ. P. 15(a)(2).  In granting leave to amend courts are to consider "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, North Dakota and South Dakota v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Furthermore, "[a] district court does not err in denying leave to amend where the amendment would be futile." *Id.* Most importantly, "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal quotation marks omitted).

Federal courts are given power under the Constitution to adjudicate disputes "between Citizens of different states." U.S. Const. Art. III § 2.  Through statute, this requirement of diversity of citizenship has been construed to mean complete diversity. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  The general diversity statute, 28 U.S.C. § 1332(a), "applies only to

cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Id*. If but one defendant or plaintiff shares the same citizenship of that of an opposite party, complete diversity is destroyed.

When a plaintiff attempts to add non-diverse parties to a suit, a district court has the option of denying joinder, or permit joinder and remand the action to the state court. 28 U.S.C. § 1447(e). Joinder of non-diverse defendants is discretionary, but once non-diverse defendants are joined remand becomes mandatory. *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004).

"Defendants may be joined in one action as defendants if: any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). This means that in order for a permissive joinder to be granted, two specific requirements must be met: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).

When deciding whether to join parties to a lawsuit, a court must determine if joining the parties would "comport with the principles of fundamental fairness." *Id*. Such a conclusion comes down to factors like: (1) whether the rest of the parties in the litigation will be prejudiced by the joinder, (2) the delay that amendment to the pleadings will cause, (3) the motive behind the amendment, (4) the relationship between the old and new parties, (5) the effect the amendment will have on the court's jurisdiction, and (6) the new party's notice of the pending action. *Id*.

### III.   DISCUSSION

The Court finds that, pursuant to Rule 15(a)(2) and Rule 20 of the Federal Rules of Civil

Procedure, justice requires granting Plaintiff's Motion to Amend her original Complaint to correct the misnamed party and to identify Doe 1 and Doe 2.

### A.   Rule 15(a)(2)

The Court finds that none of the relevant factors, namely: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether plaintiff has previously amended his complaint, precludes this Court from granting Plaintiff's leave to amend her original Complaint.

The Court finds no bad faith because it is reasonable to believe that Plaintiff could not ascertain the names of the recovery room nurses in her voluminous medical records.

HRN contends that the amendment should be denied because the amendment would cause undue delay. (Resp. to Mot. to Am. Compl.) Specifically HRN alleges that Plaintiff has not identified any new facts which support the amendment, and Plaintiff has not provided a convincing reason why Augustine and Mich were not named in the original Complaint. (*Id.*)

The Court finds the amendment would not amount to an undue delay for HRN as Plaintiff filed her Motion to Amend less than two months after filing her original Complaint and Defendants have yet to file a responsive pleading. (Pet. for Removal; Mot. to Am. Compl.); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) ("Under Rule 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading."). Further, the opposing parties would not be overly prejudiced by the amendment because HRN and Valley Health were aware, through Plaintiff's original Complaint, that the Complaint may be amended, and amendment does not change their overall position in the suit. Furthermore, despite HRN stating otherwise, the Court finds that Plaintiff has ascertained new facts, namely Plaintiff has identified Doe I and Doe II as Augustine and Mich respectively. Also, the Court finds Plaintiff's reason for not naming Augustine and Mich in the original Complaint reasonable. The difficulty of reading the signatures of those in the medical

profession is not lost on this Court.

The amendment would not be futile because it brings parties into the suit against whom the Plaintiff has colorable claims.

Finally, Plaintiff has not previously amended her original Complaint. Therefore, the Court finds that Plaintiff should be given leave to amend her original Complaint.

**B.   Rule 20(a)(2)(A)**

The Court finds that adding Augustine and Mich as parties to the dispute is consistent with Rule 20 of the Federal Rules of Civil Procedure; and therefore is permitted. The allegations against Augustine and Mich arise out of the same transaction or occurrence in which Plaintiff is suing HRN and Valley Health. Also, common facts and law exist between the old and new parties.

The Court also concludes that, for the same reasons as stated above, the current parties would not be prejudiced by the addition of the new parties. The minor delay which the addition of the new parties will cause does not warrant a denial. "[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). The Court emphasizes that the opposing parties have not filed responsive pleadings and discovery has not yet begun. The motive behind the addition of the parties is clear and reasonable, to file one suit against all parties allegedly responsible for the harm done to Plaintiff.

The relationship between the current and new parties also favors adding them to the suit. Augustine and Mich are employed by HRN and Valley Health. Although adding Augustine and Mich will destroy the Court's diversity jurisdiction, a factor considered when adding new parties, this factor is coupled with the Plaintiff's motive behind adding the new parties. *Desert Empire Bank*, 623 F.2d at 1376. In other words, courts inquire as to whether the plaintiff is attempting to add these parties solely to destroy diversity. The Court finds that this is not true

here. Also, although the Court is not apprised of Augustine's and Mich's knowledge of the pending action, it is fairly safe to assume that they are aware of it, given their involvement in the incident. Even if this is not true, their lack of knowledge of the pending action is not enough to deny their addition to the case.

Finally, in filing her original Complaint, Plaintiff correctly followed the Nevada Rules of Civil Procedure 10(a) which states, "[a] party whose name is not known may be designated by any name, and when the true name is discovered, the pleading may be amended accordingly." This is important because "it is clear that a federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court." *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 688 (9th Cir. 2005) (internal quotation marks omitted).

Adding Defendants Augustine and Mich destroys the diversity jurisdiction under which the case was removed from state court to federal court. Therefore, because a non-diverse party has been added to the action, Augustine and Mich share the same domicile as Plaintiff (Nevada), the Court remands this case to state court. *See Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 950 (9th Cir. 2004).

## IV.    CONCLUSION

The Court gives Plaintiff leave to amend her original Complaint to correct the misnaming of Valley Health System, LLC, *doing business as* Spring Valley Medical Center, and to add the true identities of Doe 1 and Doe 2, namely Gwyn St. Augustine and Lillian Mich. The Court thereby remands the case back to the Eighth Judicial District Court, Clark County, Nevada.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint and Remand to State Court (ECF No. 8), is hereby **GRANTED**. Plaintiff is granted leave to amend her Complaint to substitute Valley Health System, LLC, *doing business as* Spring Valley Medical Center for Defendant UHS OF DELAWARE, INC.; Gwyn St. Augustine for Defendant DOE 1;

and Lillian Mich for Defendant DOE 2.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Eighth Judicial District Court, Clark County, Nevada.

**DATED** this 2nd day of August, 2013.

_____
Gloria M. Navarro
United States District Judge